1
2
3
4
5
6
7                            UNITED STATES DISTRICT COURT
8                          SOUTHERN DISTRICT OF CALIFORNIA
9
10    ATTAULLAH KHAN,                        Case No.:  26-cv-1274-JO-MMP
11                          Petitioner,
12                                           **ORDER GRANTING THE**
                                             **PETITION FOR WRIT OF HABEAS**
13    v.                                     **CORPUS [DKT. 1]**
14    KRISTI NOEM, *et al*.,
15                          Respondents.
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1    For the reasons stated at Dkt. 8, the Court GRANTS the habeas petition [Dkt. 1]

2  and ORDERS as follows:

3    1. Within seven days of this order, Respondents shall provide Petitioner with an

4       individualized bond hearing before a neutral immigration judge where the

5       government bears the burden of establishing by clear and convincing evidence

6       that Petitioner is a danger to the community or a flight risk that cannot reasonably

7       be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196,

8       1203 (9th Cir. 2011). Respondents shall not deny Petitioner bond on the basis

9       that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or that (ii)

10       BIA precedent deprives the immigration judge of jurisdiction to decide bond.

11       The immigration judge must consider Petitioner's financial circumstances and

12       alternatives to bond as necessary in setting conditions of release. *See Hernandez*

13       *v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

14    2. If no hearing occurs by March 20, 2026, Respondents shall release Petitioner

15       from custody by 5 p.m. on March 21, 2026.

16    3. Respondents shall file a declaration by 5 p.m. on March 23, 2026 stating (i) the

17       outcome of any bond hearing conducted pursuant to this order, *i.e.*, denial of

18       bond, the bond amount set, or other release conditions; or (ii) if no bond hearing

19       was conducted, confirming that Petitioner has been released.

20    4. Because the Court has concluded that Petitioner's detention without a bond

21       hearing has surpassed constitutional limits, Respondents are further enjoined

22       from redetaining Petitioner during the pendency of his removal proceedings

23       without first providing a bond hearing as set forth above. *See Boumediene v.*

24       *Bush*, 553 U.S. 723, 779–80 (2008) (while habeas relief commonly includes

25       reprieve from physical imprisonment, "depending on the circumstances, more

26       [relief] may be required"); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir.

27       2010) (holding that petitioner's release—revocable at the government's

28       discretion—did not provide complete relief where petitioner sought a legal ruling

that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (despite release, petitioner's habeas claim challenging the statutory authority for his detention "continue[d] to present a live case or controversy" because the court could provide relief to prevent redetention on the same allegedly unlawful basis).

5. Respondents shall file a declaration attesting to full compliance with these obligations **at least 48 hours prior** to any redetention of Petitioner.

6. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  March 13, 2026

_____

Honorable Jinsook Ohta
United States District Judge

3

26-cv-1274-JO-MMP